Jenner, J.,
(orally).
The case of Weiser against, The Broadway Street Railroad Company was brought in the court below to recover for personal injuries, alleged to have been sustained by the plaintiff through the negligence of tlie Railroad Company.
He aVers in substance, in his amended petition, that upon the 7th day of August, 1891, the Railroad Company was engaged in operating its cars by electricity. On that day, traveling along one of the streets of this city, attempting to cross the track, and using due care, that the Railroad Com *15 pany, by its agents, operating its car, ran against his wagon, and thereby he was injured and damaged to the extent set forth in his amended petition.
The Railroad Company, by its answer, first denies generally the averments in the amended petition. Second, they aver contributory negligence on the part of the plaintiff below.
The questions that .arise are, as to the exclusion of certain testimony appearing in the record, and on the charge of the court to the jury.
The questions that arose on the exclusion of evidence came up in this form : The defendant below read the deposition of a certain witness who had been with the plaintiff, or near to him, at the time of the alleged injury. In reading the deposition in chief, these questions were omitted : “What, if anything, did you hear Mr. Weiser say prior to the accident, about his health ?” “A. I did not hear him say anything about his health.” “ Q. Hid you hear him complain any prior to the accident?” — (There was an exception there). “A. I heard him complain a little.” “ Q. What did he say?” “A. He said his head was hurt by the car.” Those questions were omitted in reading the deposition in chief. The plaintiff below objected to the omission of those questions, and then offered to read them on his own behalf, in chief, and the court ruled that the questions were incompetent.
We do not know of any rule of evidence that would justify these questions being read in evidence. The only material question of the three is the last: “What did he say?” “He said his head was hurt by the car.” That is, after this injury was received he details how it occurred.
The witness cannot detail the transaction — how the accident happened, and by so doing have it related to the jury as affirmative testimony. That does not strengthen the case. The testimony as to how the accident occurred must be submitted to the jury by witnesses who were present, who saw it.
*16 The main question arises on the charge of the court. It is a long charge, and all I need state is the conclusions we have arrived at — it is not necessary to read at any length.
The legal questions involved have been so often adjudicated by the Supreme Court of our own state, as to the degreeofcare that must be exercised, and as to where the burden of proof rests — the books are full of it in our own state ; it isn’t necessary to go outside. We are cited to the Elliott case, in which it is laid down as a rule that where a traveler on the highway, passing over a railroad crossing, where he has an opportunity of seeing whether a train is approaching, if it is in daylight, and he could see by looking, and he fails to do that, even though the railroad company neglected the usual statutory signal by bell or whistle, that does not excuse the traveler from looking, that is, using his senses; that is the idea that runs through this and other decisions of our Supreme Court; the traveler is expected to use his senses of hearing and sight, in order to protect himself from accident. Of course, a duty devolves upon the railroad company. The employes of the railroad company must use ordinary care.
There are three exceptions to the charge; I might turn to those.
“Whereupon plaintiff excepted to that portion of the charge of the court relating to the question of negligence on the part of defendant, and what constitutes the same; also the instructions relating to contributory negligence; also instructions relating to the burden of proof.”
I may say as to the burden of proof, the trial judge put the rule in the ordinary way, that the plaintiff must, by a preponderance of the evidence, establish his case. He must do that by a preponderance of proof; the court used that language substantially.
Now, the next question. The court charges substantially that if the testimony of the plaintiff disclosed negligence on his part contributing to the injury, then that would defeat his recovery unless he, by his own testimony, relieved himself of *17 the burden so cast upon him. It is said that was erroneous. I might call attention to one authority on that question, the 35 Ohio St. 627, and I will read a line or two. “If the plaintiff's own testimony in support of his cause of action raises a presumption of such contributory negligence, the burden rests upon him to remove that presumption.” Now, the court, not in that language, but in substance, charged that proposition, and he had this authority for it. That is the rule.
Next, as to the degree of care. The court proceeded at some length to show what care Weiser should use, and what care the railroad company should use. The manner in which the court put that is objected to, and exception noted It is said this was a very dangerous business, and that therefore the railroad should have exercised a very high degree of care. That is true, and yet after all, the degree of care was only ordinary care, under the circumstances of each particular case. The degree of care may be increased in different cases owing to the character of the surrounding circumstances. But it is always ordinary care, how men ordinarily would act under the circumstances of that particular ease. The court substantially charged the rule as laid down in the leading case, 8th Ohio St. 582, the Terry ease — it is really a leading case on that subject, often cited by trial judges. “It is obvious from this definition that the ordinary care required by the rule has not only an absolute, but a relative significance. It is to be such care as prudent persons are accustomed to exercise under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous; because prudent and careful persons, having in view the object to be attained, and the just rights of others, are in such cases accustomed to exercise more care than in cases less perilous. The amount of care is indeed increased, but the standard is still the same.” Now, that is the rule, and it is the rule as charged by the trial judge.
*18 There is one objection to this charge that we don’t understand the judge quite as counsel who argued the case seemed to understand him. We understood counsel to say that the court read from the Pennsylvania authority, and stated that it was an-unvarying rule that the traveler in attempting to cross a highway, or a street railway crossing, or a railroad track, must alway stop, look and listen. If the court had so charged, wo think it would have been error. We do not find it in the charge that way. He says it-is his duty to use his senses, to look and listen. Our books are full of that doctrine, but we do not understand it to be a rule of law that it is always negligence per se if the ti’aveler fails to stop and look and listen.
There is one proposition in the charge that we cannot endorse, and yet counsel have not excepted to it. And that is this :
■ “ There is this distinction to be observed between steam railroads and street railways. In the case of the former, they have the exclusive right to the use of their tracks at all times and for all purposes except at road crossings. Street railways have not this exclusive right. Their tracks are used in common by their cars and the traveling public. While this common use is conceded and is unavoidable in towns and cities, the railway companies and the public have not equal rights. Those of the railway companies are superior. Their cars have the right of way, and it is the duty of the citizen, whether on foot or in vehicles, to give unobstructed passage to the cars.” That is not the law in Ohio. Railway companies and travelers on the highway have equal rights, and only equal rights. The street car companies that run their lines through the streets of the city of Cleveland have no greater rights than the citizen on foot, or in his cart or carriage. They both are required to exercise due care. But counsel did not object to that part of the charge, and we think, if the attention of the court had been called to it, he would, no doubt, have corrected this, and for that reason it would not *19 be proper for this court to reverse the case for that reason, so we will have to affirm it.
John O. Winship, for plaintiff in error.
Finney & Norton, for defendant in error.